**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JESSICA IRENE STOCUM-LIPPA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00104-P-BP** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint, ECF No. 1, filed by Plaintiff Jessica Irene Stocum-Lippa ("Stocum-Lippa") on February 7, 2020. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same date. ECF No. 5. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and **DENY as MOOT** Plaintiff's Motion to Appoint Counsel, ECF No. 4.

This is a personal injury action filed by Plaintiff against The State of Texas ("the State"). In her Complaint, Stocum-Lippa makes a claim against the State "for false imprisonment, and for abuse at the mental hospital when thrown in the State of Texas Mental Hospital by the Fort Worth Police Department." ECF No. 1 at 1. She requests that the Court "not release [her] medical reports to the FWPD, because of a case pending." *Id.* She concludes her Complaint by asking, "Please keep Mark, the FBI, and FWPD away from me while being held in a tent behind the Shamrock 400 E. Vickery, FW TX 76102." *Id.* Plaintiff does not identify any jurisdictional basis for her claims and asserts that her cause of action is "left in tent while waiting trial w/

FWPD." *Id.* at 3. She does not identify any remedy that she seeks. No process has been issued in this case.

Under Title 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32. Plaintiff's allegations fall within this doctrine. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because of this recommendation, Plaintiff's Motion to Appoint Counsel, ECF No. 4, should be **DENIED as MOOT**.

Signed **March 9, 2020.**

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE